PARFUMS CORDAY, INC. *v.* UNITED STATES

**No. 5416.**—Invoices dated Paris, France, January 28, 1935, etc.
Certified January 30, 1935, etc.
Entered at New York, N. Y., February 7, 1935, etc.
Entry No. 784981, etc.

(Decided September 5, 1941)

*Siegel & Mandell* (*Sidney Mandell* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is stipulated and agreed, by and between counsel for the respective parties hereto, subject to the approval of the Court, that the merchandise contained in the invoices covered by the reappraisements enumerated on Schedule "A", hereto attached and made a part hereof, and marked thereon with the letter "A" and initialed *W. R. S.* by *W. R. Shapiro*, consists of bottles and jars, similar in all material respects to the merchandise the subject of *United States* v. *Guerlain, Inc.*, decided in C. A. D. 146.

It is further stipulated and agreed, that the items so marked on the invoices were appraised upon the cost of production under Section 402 (f) of the Tariff Act of 1930.

It is further stipulated and agreed, that the issue with respect to said merchandise, covered by the reappraisements enumerated on Schedule "A", hereto attached and made a part hereof, is the same as the issue involved in the case of *United States* v. *Guerlain, Inc.*, supra.

It is further stipulated and agreed, between the parties hereto, that the invoice unit prices of the items marked with the letter "A" as described hereinbefore, plus cases and packing, are equal to the cost of materials, fabrication, manipulation or other process employed in manufacturing or producing such merchandise,

plus the usual general expenses, plus the cost of all containers, coverings and other costs, charges and expenses incident to placing the merchandise in packed condition ready for shipment to the United States and plus an addition for profit equal to the profit which ordinarily is added, in the case of merchandise of the same general character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind.

It is further stipulated and agreed, between the parties hereto, that the record in C. A. D. 146 be incorporated and made a part of the record in the reappraisement cases herein and that the reappraisement cases be deemed submitted on this stipulation.

It is further agreed that the reappraisements are limited to the items of merchandise marked by the Examiner as indicated above and initialed by him, and the reappraisements are abandoned as to all other claims.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that as to the merchandise represented on the invoices by the items marked with the letter A and initialed W. R. S. by W. R. Shapiro, such values are the invoice unit prices, plus cases and packing.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed. Judgment will be rendered accordingly.